UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

R. ALEXANDER ACOSTA,
Secretary of Labor,
United States Department of Labor,

        Plaintiff,

v.

ANCHOR FROZEN FOODS CORP.,
DIVERSIFIED PROCESSORS, INC.,
PROCESSORS, INC., PREMIUM FROZEN
FOODS, LTD., ADVANCED FROZEN
FOODS, INC., ADVANCED FOODS CORP.,
ROY S. TUCCILOO, Individually and as an
Officer, and ROY S. TUCCILLO, JR.,
Individually and as an Officer,

        Defendants.

2:17-CV-6559 (JFB) (AKT)

**THE NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY
ASSISTANCE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
QUASH DEFENDANTS' SUBPOENA**

Peter N. Sinclair
Associate Counsel
Attorney for New York State Office of
Temporary and Disability Assistance
40 North Pearl Street
Albany, NY 12243
(518) 474-8810

**TABLE OF CONTENTS**

                                                                                                                          **Page**

TABLE OF AUTHORITIES……………………………………………………………………iii

PRELIMINARY STATEMENT…………………………………………………………………...1

SUMMARY OF ARGUMENT…………………………………………………………………….1

STATEMENT OF FACTS………………………………………………………………………2

STATUTORY AND REGULATORY FRAMEWORK…………………………………………...4

     A. The Agency………………………………………………………………………4

     B. Confidentiality of Social Services Records....................................................................5

     C. Additional SNAP Confidentiality Provisions……………………………………………6

ARGUMENT……………………………………………………………………………….6

     DEFENDANTS' SUBPOENA MUST BE QUASHED BECAUSE APPLICATIONS FOR SOCIAL SERVICES BENEFITS ARE STATUTORILY PRIVILEGED AND NONE OF THE EXCEPTIONS TO THE PRESUMPTION OF CONFIDENTIALITY APPLY HERE………………………………………………..6

     A. OTDA Has an Interest in Protecting the Confidentiality of the Subpoenaed Social Services Records Sufficient to Make this Motion to Quash………………………6

     B. The Subpoena Must be Quashed……………………………………………………….7

     C. Alternatively, the Court Should Require the Implementation of Parameters to Limit any Unnecessary Intrusion into Confidential Social Services Records………...10

CONCLUSION……………………………………………………………………………..11

## TABLE OF AUTHORITIES

**Cases**                                                                 Page(s)

*ADL, LLC v Tirakian*,
 2007 WL 1834517 (EDNY June 26, 2007)…………….............................................7

*Catskill Dev., L.L.C. v Park Place Entertainment Corp.*,
 206 F.R.D. 78 (SDNY 2002)…......................................................................................7

*Ruggiero v. Marco*,
 60 A.D.2d 722 (3d Dept. 1978)……………………...…………………………………7

*Doe v. Greco*,
 62 A.D.2d 498 (3d Dept. 1978)……………….....……………………………….….…7

*DelMonte v. Lascaris*,
 55 A.D.2d 1043 (4th Dept. 1977)……………………….....……………………………7

*Paine v. Chick*,
 50 A.D.2d 686 (3d Dept. 1975)………………………………………………………...7

*Downer v. Franklin County*,
 2003 WL 22319418 (NDNY July 31, 2003)……………………………………………..8

*D&Z Holding Corp. v. City of New York Dept. of Finance*,
 179 A.D.2d 796 (2d Dept. 1992)…………………………………………………....8, 10

*225 5th, L.L.C. v. Fiori Fiori, Inc.*,
 90 A.D.3d 517 (1st Dept. 2011)……………………………...…….…………………...8

*Commissioner of Social Services ex rel. Maudlyn V.R. v. Paul C.*,
 73 A.D.3d 469 (1st Dept. 2010)………………………………………………………...8

*In re Nassau County Strip Search Cases*,
 2017 WL 3189870 (EDNY July 26, 2017)……………………………………….….…8

*Early v. Nassau County*,
 98 A.D.2d 789 (2d Dept. 1983)…………………………………………………….....8

*Rampe v. Giuliani*,
 253 A.D.2d 486 (2d Dept. 1998)…………………………………………………….....8

*Maitland v. Lunn*,
 2018 WL 4494876 (EDNY September 19, 2018)……………………………………...9

## TABLE OF AUTHORITIES (cont'd)

**Cases**                                                                                                                                               **Page(s)**

*Tucker v. Toia*,
 43 N.Y.2d 1, 8 (1977)……………………………………………………………………….10

**Laws**

New York Social Services Law
 § 20……………………………………………………………………………………4, 7
 § 34……………………………………………………………………………………4, 7
 § 136…………………………………………………………………………………….5, 7

42 U.S.C. § 602………………………………………………………………………………….5

7 U.S.C. §2020……………………………………………………………………………......5, 6

Fed. R. Civ. P 45……………………………………………………………………………...1, 6

**Regulations**

18 N.Y.C.R.R. 357.1…………………………………………………………………………….5

18 N.Y.C.R.R. 357.2…………………………………………………………………………5, 6

18 N.Y.C.R.R. 357.3…………………………………………………………………………….5

45 C.F.R. 205.50..........................................................................................................................5

7 C.F.R. 272.1………………………………………………………………………………...6

## **PRELIMINARY STATEMENT**

The New York State Office of Temporary and Disability Assistance ("OTDA"), a non-party in the above-captioned matter, respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 45(d)(3), to quash Defendants' subpoena seeking "Applications for social services benefits filed by any individual listed on the attached list from 2014 through 2016."

## **SUMMARY OF ARGUMENT**

Defendants' subpoena seeks disclosure of social services records which are protected under both New York State and federal statute. As argued more fully below, although courts have, on occasion, found limited exceptions to the general confidentiality of certain social services records, none of those limited exceptions apply here. Therefore, the subpoena must be quashed.

As an initial matter, OTDA does not have documents responsive to the subpoena. Applications for public assistance and Supplemental Nutrition Assistance Program ("SNAP") benefits are accepted, processed, and maintained by the local social services districts. OTDA is instead responsible for administering the implementation of certain social services benefits in New York State and is statutorily required to supervise local social services districts in the performance of their official duties. For that reason, OTDA not only has an interest in the confidentiality of the desired records sufficient to make this motion to quash the subpoena, but it is required to do so by New York State and federal law and regulations.

Defendants' stated purpose for the demanded records is to impeach the identified individuals' representations regarding hours worked, in the hopes of defeating a claim for unpaid wages. However, the subpoena is not narrowly tailored to the proffered justification, as Defendants do not limit their request to wage-related information. Rather, the subpoena seeks

1

production of the entire unredacted application for any social services benefits. Given the array of different social services programs available, this may include extremely sensitive information about the identified individuals or their families, for example, information related to: health, including HIV status; child support; domestic violence; housing; or refugee status. Notably, Defendants have not suggested or contacted OTDA to discuss any safeguards to prevent excessive intrusion into the records of social services recipients, nor was the request made subject to an *in camera* review.

Accordingly, it appears that Defendants are merely engaging in a fishing expedition to embarrass the identified individuals, which is precisely the type of use that the confidentiality provisions were meant to prevent. If this unfettered use were permitted here, it would signal that applications for social services can be used to collaterally attack applicants, which would unfairly target those in need and create a chilling effect on their desire to apply for social services benefits.

If the Court does not grant the motion to quash in its entirety, and before any disclosure is required, OTDA respectfully requests the opportunity to discuss implementing parameters to limit unnecessary intrusion into confidential social services records, including: requiring an *in camera* review by the Court; redacting all information except for that which is directly related to wages earned by the identified individuals from Defendants; applying minimum criteria for data-point identity matching, to ensure that the records disclosed are actually for an individual involved in the underlying matter; and such other and further measures as the Court deems appropriate and necessary to maintain the confidentiality of social services records.

## STATEMENT OF FACTS

According to the Second Amended Complaint, this is an action, brought by the United States Department of Labor ("DOL"), on behalf of several dozen food processing workers,

claiming that Defendants violated the Fair Labor Standards Act of 1938 (29 U.S.C. § 201, *et seq.*) ("FLSA"). *See* ECF 55. Plaintiff alleges that Defendants failed to pay "rightful wages" to certain employees. *See id.*

In a letter motion to the Court, filed September 7, 2018, Defendants sought permission to subpoena the Nassau County (the "County") Department of Social Services ("NCDSS") to demand production of "Applications for social services benefits filed by any individual listed on the attached list from 2014 through 2016." *See* ECF 52. Defendants claim the requested documents are relevant to their "affirmative defenses (e.g. that judicial estoppel applies to claims that the Employees worked any overtime)." Defendants contend that "[t]hese documents indicated that the Employees did not work overtime, which may potentially contradict the Secretary of Labor's purported evidence (i.e. employee statements) and overall case theory." *See id.*

DOL filed objections to the proposed subpoena on September 10, 2018. *See* ECF 53. On September 14, 2018, Defendants filed a letter response in further support of the proposed subpoena. *See* ECF 54. Therein, Defendants argued that "the purpose of the subpoenas is to obtain documentation submitted to NCDSS concerning employees' hours worked and wages paid… Defendants are amendable to limiting the scope of the subpoena accordingly." *See id.* Based on a review of the docket, ECF 52 and 54 constitute the only record evidence of Defendants' justification for seeking access to social services records.

Following a status conference, this Court issued a January 24, 2019 Order authorizing Defendants to prepare and serve the proposed subpoena on the NCDSS, OTDA, and the Office of Children and Family Services, while staying compliance to allow the respondents to file any objections. *See* ECF 66.

3

## STATUTORY AND REGULATORY FRAMEWORK

### A. The Agency

OTDA is a New York State agency created by Chapter 436 of the Session Laws of New York for 1997 as one of the successors to the New York State Department of Social Services. Through that enactment, the Legislature gave OTDA responsibility over a wide-range of social services programs, including: cash assistance; SNAP; home energy/utility payments; temporary shelter and other housing assistance; child support collection and enforcement services; and services for refugees and other immigrants.[1]  *See* N.Y. Social Services Law ("SSL") §§ 20, 34.

OTDA administers most of these programs through local social services districts by providing monetary reimbursement, policy guidance, fiscal monitoring, quality assurance, and systems support in their implementation of social services programs.  OTDA also adjudicates fair hearings to review determinations by local social services districts and makes medical eligibility determinations for federal disability benefit claims.

SSL section 20 explicitly requires OTDA "to supervise local social services departments" with respect to the implementation of statutes and regulations governing social services.  Likewise, SSL section 34 directs OTDA's commissioner to "exercise general supervision over the work of all local welfare authorities" and "enforce this chapter and the regulations of the department within the state and in the local governmental units."  The federal government, including the United States Department of Agriculture and the United States Department of Health and Human Services, provides oversight with respect to federally-funded programs administered by OTDA.

---

[1] The Legislature also granted certain responsibilities to the New York State Department of Health (Medicaid) and the New York State Office of Children and Family Services.

B. <u>**Confidentiality of Social Services Records**</u>

Both New York State and federal law require that social services records remain confidential. *See* 42 U.S.C. § 602, 7 U.S.C. 2020(e)(8), and SSL § 136.

The federal government requires that a state "take such reasonable steps as the State deems necessary to restrict the use and disclosure of information about individuals and families receiving assistance under the program." 42 U.S.C. § 602(a)(1)(A)(iv); *see also* 45 C.F.R. 205.50 (limiting disclosure of such information for purposes connected to the administration of the program, noting that the restrictions apply to requests for information from "the courts").

Under that federal guidance, the New York State legislature has declared that public welfare records are "confidential" and "shall be disclosed only to… a person or agency entitled to such information." *See* SSL § 136(2). Accordingly, under OTDA regulations, there is a general prohibition against disclosing "information obtained in the course of administering public assistance for purposes other than those directly connected with the administration of public assistance." *See* 18 N.Y.C.R.R. 357.2(a); *see also* 18 N.Y.C.R.R. 357.1(a) (providing that "information contained in applications" for social service benefits is "to be safeguarded").

Such information may be released only when the "confidential character of the information will be maintained;" "the information will be used for… purposes to be reasonably related to the purposes of the public welfare program;" and "the information will not be used for commercial or political purposes." *See* 18 N.Y.C.R.R. 357.3(a). This protection applies even when the request is made pursuant to subpoena. *See* 18 N.Y.C.R.R. 357.3(f) (requiring OTDA to oppose any subpoena that seeks information for a "purpose not directly related to the administration of public assistance or the protection of a child").

### C. Additional SNAP Confidentiality Provisions

There are separate and extremely restrictive protections governing SNAP information, a program which is administered by the United States Department of Agriculture. Under federal law, a state must "prohibit the use or disclosure of information obtained from [SNAP] applicant households" except "to persons directly connected with the administration or enforcement of [the SNAP program or other assistance programs]" and a few narrowly defined additional circumstances, such as to a law enforcement officer who is seeking a fleeing felon. *See* 7 U.S.C. § 2020(e)(8); *see also* 7 C.F.R. § 272.1(c) and 18 N.Y.C.R.R. 387.2(j). There are no additional exceptions to the above provisions.

## ARGUMENT

**DEFENDANTS' SUBPOENA MUST BE QUASHED BECAUSE APPLICATIONS FOR SOCIAL SERVICES BENEFITS ARE STATUTORILY PRIVILEGED AND NONE OF THE EXCEPTIONS TO THE PRESUMPTION OF CONFIDENTIALITY APPLY HERE**

Fed. R. Civ. P. 45(d)(3)(a) provides that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Here, Defendants served OTDA with a subpoena demanding "Applications for social services benefits filed by any individual listed on the attached list from 2014 through 2016." For the reasons argued below, the subpoena seeks disclosure of protected information, for which no exception exists, and must therefore be quashed.

### A. OTDA Has an Interest in Protecting the Confidentiality of the Subpoenaed Social Services Records Sufficient to Make this Motion to Quash

As an initial matter, OTDA has no records that are responsive to the subject subpoena. *See* Stevens Declaration at ¶ 8. Nonetheless, OTDA is still statutorily responsible for supervising the local social services districts, including their compliance with confidentiality provisions. *See* SSL

6

§§ 20 and 34. For that reason, OTDA has an interest in protecting the confidentiality of the subpoenaed social services records sufficient to oppose the subpoena served on NCDSS. *See ADL, LLC v. Tirakian*, 2007 WL 1834517 at *2 (EDNY June 26, 2007) (finding that defendant auditors had standing to challenge subpoena on third party demanding employment records, because they "have a sufficient privacy interest in the confidentiality of those documents"); *Catskill Dev., L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (SDNY 2002) (finding that non-party tribe had standing to quash subpoena on third-party Key Bank, because it had privacy interest in the banking records).[2]

**B.     The Subpoena Must be Quashed**

It is well-settled that "[t]he records of the Department of Social Services pertaining to the granting of public assistance… are confidential and may not be made available to the public." *Ruggiero v. Marco*, 60 A.D.2d 722, 723 (3d Dept. 1978) (citing SSL § 136). "The plain intent of [SSL § 136], read in its entirety, is to protect the confidentiality of social service records." *Doe v. Greco*, 62 A.D.2d 498, 501 (3d Dept. 1978) (citing § 136); *see also DelMonte v. Lascaris*, 55 A.D.2d 1043, 1044 (4th Dept. 1977) (noting that SSL § 136 "was intended to protect the recipient from disclosure of his welfare records to unauthorized third parties"). This confidentiality is necessary to "preserve the dignity and self-respect of a recipient of welfare and to assure the integrity and efficacy of the administration of the program." *Paine v. Chick*, 50 A.D.2d 686, 687 (3d Dept. 1975) (affirming "limited" disclosure of plaintiff's wage information contained in social services records when he did not oppose its release).

Although courts have held that this confidentiality is "not absolute," social services records are protected by default and can be released for litigation purposes only "in certain circumstances

---

[2] For ease of reference, all unreported cases are attached.

and under certain conditions." *See e.g. Downer v. Franklin County*, 2003 WL 22319418 at *2 (NDNY July 31, 2003) (holding that, in light of remedial purpose of FLSA, the confidentiality of social services records was outweighed by the possible loss of relief to putative plaintiffs under FLSA). Accordingly, a third-party is entitled to disclosure of social services records only when it demonstrates that "it was entitled to the information under any specific regulatory exception." *See D&Z Holding Corp. v. City of New York Dept. of Finance*, 179 A.D.2d 796, 798 (2d Dept. 1992) (affirming lower court's decision to quash subpoena seeking social services records); *see also 225 5th, L.L.C. v. Fiori Fiori, Inc.*, 90 A.D.3d 517 (1st Dept. 2011) (quashing subpoena seeking social services records because the stated use did not fall within any statutory exception); *Commissioner of Social Services ex rel. Maudlyn V.R. v. Paul C.*, 73 A.D.3d 469, 470 (1st Dept. 2010) (affirming order quashing subpoena for social services records).[3] Indeed, this Court addressed the issue of confidentiality in two recent cases.

In a class action lawsuit against the County for allegedly engaging in unlawful strip searches, class counsel sought to compel the NCDSS to produce updated addresses for class members. *See In re Nassau County Strip Search Cases*, 2017 WL 3189870 at *6-7 (EDNY July 26, 2017). This Court granted the requested disclosure, noting that the desired information was "limited" in scope, and that the purpose for disclosure was to benefit the social services recipients by facilitating notice about the monetary relief to which they were entitled. *See id.* at 8 (directing that the "information is not to be used for any other purpose or otherwise disseminated").

In a dispute over unpaid rent, the landlord sought to compel Defendant NCDSS to produce documents concerning whether the tenant's property was part of the Section 8 housing program.

---

[3] Additionally, courts generally require that the requested information be reviewed *in camera* before any disclosure can be made to the demanding party. *See e.g. Early v. Nassau County*, 98 A.D.2d 789, 790 (2d Dept. 1983); *Rampe v. Giuliani*, 253 A.D.2d 486, 487 (2d Dept. 1998).

8

*See Maitland v. Lunn*, 2018 WL 4494876 at *2-3 (EDNY September 19, 2018). This Court granted disclosure of the desired records following an *in camera* review, because it was central to the issue of whether the NCDSS could be liable for unpaid rent, but directed the redaction of irrelevant information. *See id.* at 3.

Here, there is no colorable connection to the administration of a social services program, and Defendants are not explicitly authorized in the statutory or regulatory scheme to receive social services information. Thus, the only issue is whether Defendants fall within an implied exception to the general confidentiality of social services records. To that point, the relevant cases on the confidentiality of social services records, many of which are cited above, instruct that disclosure, although possible, should only be authorized in fact-specific circumstances, for example, when: the County is a party to the action; the disclosure will benefit the specific social services recipients; the disclosure is limited to narrowly-tailored information; withholding the social services information defeats the remedial purpose of a statute; or the matter has heightened due process concerns, i.e. a criminal proceeding. Notably, none of these factors exist here.

Rather, it appears that Defendants are merely engaging in a fishing expedition to embarrass the identified individuals. As an initial matter, there is nothing in the record to indicate why Defendants believe that the desired information even exists. According to Defendants' own submissions, their purpose in seeking the demanded records is to use applications for social services to attack the credibility of the identified individuals. While Defendants claim to seek only the identified individuals' representations concerning wages earned and hours worked, their subpoena is not so limited, and instead seeks the entire unredacted social services application for each identified individual. This may include extremely sensitive information about the identified individuals or their families, including: information related to health, including HIV status; child

9

support; domestic violence; housing; or refugee status. Further, there is nothing in the record to suggest that Defendants are only able to secure the desired information through disclosure of social services records.

Since Defendants have not articulated a specific statutory exception that would entitle them to social services records, and the interest of confidentiality outweighs any purported interest in the disclosure of applications for social services benefits, the subpoena should be quashed. *See e.g. D&Z Holding Corp. v. City of New York Dept. of Finance*, 179 A.D.2d 796, 798 (2d Dept. 1992). To hold otherwise would signal that applications for social services benefits could later be used against applicants in a completely collateral matter. This could have a chilling effect on individuals applying for necessary social services and unfairly target those in need, which would directly frustrate the Constitutionally-mandated duty to "aid the needy." *See Tucker v. Toia*, 43 N.Y.2d 1, 8 (1977).

### C. **Alternatively, the Court Should Require the Implementation of Parameters to Limit any Unnecessary Intrusion into Confidential Social Services Records**

If the Court does not grant the motion to quash in its entirety, and before any disclosure is required, OTDA respectfully requests the opportunity to discuss implementing parameters to limit unnecessary intrusion into confidential social services records, including: requiring an *in camera* review by the Court; redacting all information except for that which is directly related to wages earned by the identified individuals from Defendants; applying minimum criteria for data-point identity matching, to ensure that the records disclosed are actually for an individual involved in the underlying matter; and such other and further measures as the Court deems appropriate and necessary to maintain the confidentiality of social services records.

## **CONCLUSION**

Based on the foregoing, this Court should grant OTDA's motion to quash Defendants' subpoena.