UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

R. ALEXANDER ACOSTA,
Secretary of Labor,
United States Department of Labor,

        Plaintiff,

    -against-

ANCHOR FROZEN FOODS CORP.,
DIVERSIFIED PROCESSORS, INC.,
PROCESSORS, INC., PREMIUM FROZEN
FOODS, INC., ADVANCED FOODS CORP.,
ROY S. TUCCILLO, Individually and as an
Officer, and ROY S. TUCCILLO, JR.,
Individually and as an Officer,

        Defendants.

---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER OR TO QUASH**
**2:17-CV 6559 (JFB) (AKT)**

**THE NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES' MEMORANDUM OF LAW IN SUPPORT OF THE NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES' MOTION SEEKING A PROTECTIVE ORDER OR, IN THE ALTERNATIVE, TO QUASH A SUBPOENA**

Emily M. Simpson
Senior Attorney
New York State Office of
Children and Family Services
52 Washington Street
Rensselaer, New York 12144
Emily.Simpson@ocfs.ny.gov
(518) 402-6841

1

## PRELIMINARY STATEMENT

The New York State Office of Children and Family Services (OCFS) respectfully submits this Memorandum of Law, and supporting declaration and affidavits, in support of the motion filed by the Nassau County Department of Social Services (the County) seeking a protective order or, in the alternative, to quash a subpoena seeking "Applications for social services benefits filed by any individual listed on the attached list from 2014 through 2016." OCFS takes no position regarding the motion filed by the New York State Office of Temporary and Disability Assistance (OTDA) to quash the subpoena.

## SUMMARY OF ARGUMENT

At the outset, OCFS represents to the Court, through the attached declaration and affidavits, that it has no documents responsive to the subpoena in its custody, possession or control. Applications for social services are accepted, processed and maintained at the relevant local department of social services (LDSS).

Nonetheless, OCFS is statutorily charged with overseeing LDSS administration of programs and services implicated in the subpoena. As such, OCFS joins the County's motion for a protective order or, in the alternative, to quash the subpoena due to the confidential nature of the information sought.

## STATUTORY AND REGULATORY FRAMEWORK

Chapter 436 of the Laws of New York of 1997 created the New York State Department of Family Assistance, which is comprised of two autonomous offices: OCFS and OTDA. 1997 N.Y. Laws 436. Pursuant to New York Social Services Law Sections 20 and 34, New York has a county-administered, state-supervised welfare system. N.Y. Soc. Serv. §§20(2)(b), 34(3)(d). Therefore, while OCFS and OTDA retain supervisory authority of each agency's relevant

program areas, LDSSs are responsible for day-to-day administration, including, as relevant to this case, accepting, processing and maintaining applications and determining eligibility. OCFS is responsible for oversight of social services including, but not limited to, child care, child protective services, foster care, preventive services, adoption, adult protective services and domestic violence services. OTDA is responsible for oversight of social services including, but not limited to, food stamps, home emergency assistance payments, temporary cash payments, child and spousal support services, disability determinations and homeless housing programs.

Information relating to applicants or recipients of social services is confidential and shall not be disclosed except when necessary for the proper administration of the relevant program. N.Y. Soc. Serv. §21(3). Additionally, New York Social Services Law Section 136(2) provides generally that information relating to a person receiving public assistance or care shall be considered confidential and may only be disclosed in circumstances expressly permitted under the statute, none of which are relevant in this case. N.Y. Soc. Serv. §136(2). There are also additional state and federal confidentiality standards regarding specific social services, including, but not limited to, child care (98 C.F.R. §98.15(b)(13)), child protective services (42 U.S.C. §5106a(b)(2)(B)(viii); N.Y. Soc. Serv. §§422(4)(A), 422(5) and 427-a), foster care (42 U.S.C. §671(a)(8); N.Y. Soc. Serv. §372(3)), preventive services (N.Y. Soc. Serv. §409-a; 18 NYCRR §423.7), adoption (42 U.S.C.§671(a)(8); N.Y. Dom. Rel. §114), adult protective services (N.Y. Soc. Serv. §473-e) and domestic violence services (N.Y. Soc. Serv. §§349-a(7), 459-h; 18 NYCRR §§452.10, 462.9).

Based on the statutory and regulatory standards set forth above, applicants and recipients of social services have a reasonable expectation of privacy, and that the information collected and maintained will remain confidential and not be used for purposes other than those narrow

circumstances expressly authorized.

## REQUESTS FOR RELIEF

Federal Rule of Civil Procedure 26(c)(1)(A) provides that, upon motion by a person from whom discovery is sought in the Court where the action is pending, the Court may, for good cause, issue an order forbidding the disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A). Due to the sensitive nature of the information at issue in this case, the interests favoring confidentiality in this case should prevail, and OCFS submits that good cause has been shown warranting that the Court forbid disclosure or discovery.

Additionally, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii)[1], on timely motion, the Court for the district where compliance is required must quash a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii). As set forth above, the matter sought in this case is protected, and no explicit exception or waiver applies; as such, the Court must quash the subpoena.

If the Court declines to issue a protective order forbidding the disclosure or discovery, and declines to quash the subpoena, OCFS respectfully requests that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(D) and (H), forbidding inquiry into certain matters and limiting the scope of disclosure or discovery, and requiring that the documents or information be provided to the Court in sealed envelopes. Fed. R. Civ. P. 26(c)(1)(D), (H). Currently, the subpoena is unduly broad and vague, in that it specifies neither the type of social services applications sought nor the specific information from the applications that is sought. Additionally, the subpoena is not limited in scope to a geographic region but is rather inclusive of the entirety of New York State. To alleviate these concerns, the subpoena

---

[1] The County's motion refers to Fed. R. Civ. P. 45(c)(3); however, that rule relates to geographic limits of subpoenas. The correct citation for a motion to quash is Fed. R. Civ. P. 45(d)(3).

4

should be narrowly tailored regarding the specific social services program at issue, the specific information sought from that program's applications, and the LDSS within New York State from which the information is sought. Additionally, the information produced should be inspected *in camera* and further redacted if the Court deems necessary prior to release. Steinberg v. Mount Sinai Med. Ctr., Inc., 2014 WL 1311572, 1 (E.D.N.Y. 2014).

## **CONCLUSION**

Based on the foregoing, OCFS respectfully requests that the Court grant the County's motion for a protective order or, in the alternative, to quash the subpoena, along with such other and further relief as the Court deems just and proper.