| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 5-31-2019<br>2:40 p.m. (22 minutes) |

*Acosta v. Anchor Frozen Foods Corp., et al.*
**CV 17-6559 (JFB) (AKT)**

| | | |
|---|---|---|
| TYPE OF CONFERENCE: | | **MOTION HEARING** |
| APPEARANCES: | Plaintiff | Michael Hartman<br>Jason Edward Glick<br>Carina DeLaPaz |
| | Defendant | Robert F. Milman **via telephone**<br>Matthew Brown |
| | Movant | Pablo Fernandez (Non-Party Nassau County) |
| | Movant | Peter N. Sinclair **via telephone** (New York State Office of<br>    Temporary and Disability Assistance) |
| | Movant | Emily Simpson **via telephone** (New York State Office of<br>    Children and Family Services) |

FTR:    2:40-3:02

THE FOLLOWING RULINGS WERE MADE:

1. Today's conference was scheduled to address several motions filed by non-parties to quash subpoenas [DE 73, 79] served on them for certain social services records. The Court determined that further oral argument was unnecessary since this issue had been discussed at length during the last conference and because the Court now had the benefit of fully briefed arguments. The rulings were placed on the record and are briefly summarized here. If any party or participant needs a more amplified record, he/she may contact Courtroom Deputy Mary Ryan (631-712-5765) to arrange to order a transcript.

2. As to the County's argument that the Defendants did not exhaust administrative remedies with respect to their foil requests (*i.e.*, did not file an Article 78 proceeding), the Court brought to counsels' attention, among other things, *Greenberg v. Board of Education*, 125 F.R.D. 361 (E.D.N.Y. 1989), in which Judge McLaughlin explained in detail the distinction between NY FOIL law and the Federal Rules of Civil Procedure. After also referencing *Adams v. Buffalo Pub. Sch.*, No. 13CV435A, 2014 WL 3882182, at *6 (W.D.N.Y. Aug. 7, 2014) and some further legal principles, the Court found that the failure to exhaust argument is not persuasive in these specific circumstances.

3.  As a general matter, the Defendants' attempt to shift the burden of production to the Plaintiff is not proper, notwithstanding Defendants' claim of lost documentation accompanying the fire which took place at Defendants' premises.

4.  The Court agrees with the non-parties that the subpoenas as served are overly broad and unduly burdensome and in multiple ways seek documents which are not relevant to this case. The Court spent time discussing why the Defendants do not need the breadth of documentation sought. In his response to the motion to quash, Defendants' counsel agreed to narrow the scope of the subpoena solely to documents of employees who were applying for day care benefits.

    The Court drew counsels' attention to Exhibit F annexed to Attorney Fernandez's Declaration on behalf of Nassau County – the "Day Care Services Employment Verification Form" used by the Nassau County Department of Social Services. It is apparent on the face of the form that the employer – the Defendants in this case -- is responsible for filling in the information, including, significantly, the dates and hours of employment, gross income, and method of payment. The employer is required to sign the form in the presence of a notary. If employees were applying for day care benefits, the Defendants here would have had to fill in this information. But for the fire, Defendants should have had these forms in their own files.

    Since Defendants would otherwise have had these forms, the Court directs that such forms be produced by the non-party which is in possession of them. However, the Court is modifying the subpoena to limit the production of these forms to 25 employee applicants for day care services from the list attached to the subpoena served by the Defendants. The Defendants can choose whichever 25 employees they wish. The forms contained in the files of those applicants are to be produced directly to Defendants' counsel.

    Further, the Court directed that as to the 25 employee-applicants selected by the Defendants, the non-parties are to search those 25 files as well to determine if there are any forms, documents, etc. where the applicant has been asked to list the hours he/she worked for the Defendants or the income/wages he/she received from the Defendants for that time period. To the extent such documents exist, counsel for the non-parties shall provide those documents directly to the Court for an *in camera* review. To the extent such records exist, the Court will make a final determination whether they are to be produced.

    The Court finds that Defendants are not entitled to any additional information.

5.  Defendants have one week, until Friday, June 7, 2019 to identify which 25 applicant files they want searched and to turn over relevant dates of birth to counsel for the non-parties (which the Deputy County Attorney has indicated is necessary to perform the search). By July 2, 2019, the relevant forms are to be produced to Defendants. Also, counsel for the non-parties shall provide the Court for an *in camera* review documents referenced above to the extent they exist.

6.  The Court advised counsel that it has not had adequate time to review Plaintiff's motion to compel concerning ESI which was recently filed. A decision on that motion and the opposition to it will be issued in the short term.

7. The stay of depositions which has been in place remains in place until the foregoing matters (and the motion to compel) are resolved.

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge