UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

                      Plaintiff,

           - against -

ANCHOR FROZEN FOOD CORP., DIVERSIFIED PROCESSORS, INC., PROCESSORS, INC., PREMIUM FROZEN FOODS, LTD., ADVANCED FROZEN FOODS INC., ADVANCED FOODS CORP., PREMIUM MEAT & SEAFOOD LLC, ROY S. TUCCILLO, Individually and as an Officer, and ROY S. TUCCILLO, J.R., Individually and as an Officer,

                      Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

Civil Action
No. 17-6559 (GRB)(AYS)

**FILED**
**CLERK**

1:09 pm, Dec 15, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**GARY R. BROWN, United States District Judge**:

Following six years of litigation, plaintiff seeks to narrow the issues for trial and moves for partial summary judgment on three issues arising out of alleged violations of the Fair Labor Standards Act ("FLSA"). For the reasons that follow, that motion is DENIED.

*Brief Background*

For years, defendant Roy S. Tuccillo Sr. ("Roy Senior") and his son, defendant Roy S. Tuccillo Jr. ("Roy Junior") operated a food processing plant in Westbury, New York (the "Plant"). DE 166 at 5-6. According to defendants, Roy Senior maintained operational control of the Plant for FLSA purposes between November 9, 2014, and June 3, 2016 (the "Roy Sr. Time Period"). *Id.* at 17. On or around June 4, 2016, Roy Senior stepped down from running the Plant and Roy Junior took over operational control (the "Roy Jr. Time Period"). *Id.* at 6. The Plant ultimately closed in 2017 due to a downturn in business. *Id.*

1

According to the Department of Labor, between November 9, 2014, and September 2016 (the "Damages Period"), defendants violated the FLSA by denying employees the required minimum wages and overtime premiums. DE 165-1 at 5. The Department of Labor alleges that despite Roy Senior and Roy Junior claiming they operated the Plant at distinct time periods, both defendants exercised sufficient operational control throughout the entire Damages Period to render them both employers under the FLSA. *Id.* Following a pre-motion conference on August 5, 2022, at which this Court granted in part and denied in part plaintiff's motion for partial summary judgment, the Court granted leave for the parties to fully brief the issue of employer status under the FLSA.[1]  DE 160.

This opinion follows.

**Discussion**

*Standard of Review*

This motion for partial summary judgment is decided under the oft-repeated and well understood standard for review of such matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd sub nom. Bartels v. Schwarz,* 643 Fed. App'x. 54 (2d Cir. 2016), which discussion is incorporated by reference herein.

---

[1] At the conference, plaintiff sought summary judgment on the issue of whether Roy Junior had knowledge of the FLSA requirements. DE 160 at 14. This Court found that while Roy Senior had knowledge of the FLSA requirements, the same could not be said concerning Roy Junior, and denied plaintiff's motion in that regard. DE 160 at 17 ("So yes on Senior, as to Junior, no, I'm not going to grant that summary judgment motion at this point. I'm going to deny it at this point. But again, I don't think that's going to be an issue of great magnitude."). Contrary to plaintiff's position, this Court did not grant it leave to fully brief this issue. *See id.*  In any event, based upon the present record, such an issue would be properly suited to present to the trier of fact. *See id.* ("I do think [Senior's guilty plea] is most likely admissible. So whatever effect it might have [on knowledge of FLSA requirements], it will have on the trier of fact, whoever that might be.").

*Employer Status Under the FLSA*

While the parties agree that Roy Junior and Roy Senior were both employers under the FLSA for distinct time periods, plaintiff argues that both defendants were employers for the *entire* Damages Period.

The underlying inquiry in determining "employer" status is whether the individual possessed operational control over employees: "control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013)). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* (quoting *Irizarry*, 722 F.3d at 109). Courts tasked with making this determination apply the following factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). No factor alone is dispositive, and the test is a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances. *Id.* (citations omitted).

Furthermore, "the inquiry as to whether an entity is an employer for purposes of the FLSA involves three types of determinations. First, there are historical findings of fact that underlie each of the relevant factors. Second, there are findings as to the existence and degree of each factor. Finally, there is the conclusion of law to be drawn from applying the factors, *i.e.*, whether an entity is a joint employer." *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 76 (2d Cir. 2003). "The first two determinations—the findings of historical fact and the findings as to the existence and degree

of each factor—are findings of fact." *Id.*; *accord Tapia*, 906 F.3d at 61. "Only the last determination—the ultimate decision as to whether a party is an employer—is a legal conclusion." *Zheng*, 355 F.3d at 76.

Therefore, because "[t]he question of whether a defendant is an employer under the FLSA is a mixed question of law and fact, with the existence and degree of each relevant factor lending itself to factual determinations[,] . . . individual employer liability is rarely suitable for summary judgment." *Alvarado v. GC Dealer Servs. Inc.*, 511 F. Supp. 3d 321, 356 (E.D.N.Y. 2021) (citations omitted). Indeed, few courts in this district have awarded summary judgment on this issue—and only upon undisputed facts. *Compare Rojas v. Splendor Landscape Designs Ltd.*, 268 F. Supp. 3d 405, 410 (E.D.N.Y. 2017) (granting partial summary judgment in light of undisputed facts and no opposition), *and Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 352 (E.D.N.Y. 2015) (granting summary judgment based on undisputed facts that "unequivocally establish" a defendant's position as an employer under the FLSA), *with Agerbrink v. Model Serv. LLC*, 787 F. App'x 22, 25 (2d Cir. 2019) (reversing grant of partial summary judgment when genuine issues of material fact existed as to the "degree of control" exercised by defendant).

To grant partial summary judgment for plaintiff, this Court would have to conclude that, even where both historical facts and relevant factors are interpreted in the light most favorable to the defendants, plaintiff is still entitled to judgment as a matter of law. *See Alvarado*, 511 F.Supp.3d at 356 (citing *Zhang*, 355 F.3d at 76). Here, however, applying the above-discussed principles in light most favorable to the defendants, plaintiff has failed to meet this high burden.

*Roy S. Tuccillo Junior*

Plaintiff argues that Roy Junior had sufficient control over the business as to render him an employer under the FLSA between November 9, 2014, and July 3, 2016. Plaintiff's theory,

4

however, rests on few undisputed facts—and even then, calls for a rigid application of law in the context of a "flexible" FLSA standard. *See Tapia*, 906 F.3d at 61 (emphasizing that the determination of employer status under the FLSA is a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances"). As such, only few factors merit discussion as the remaining factors and evidence are either disputed or insufficient alone to confer employer status. *See Tapia*, 906 F.3d at 60.

Merely by way of example, in seeking to establish the first *Carter* factor, plaintiff relies solely on a carefully crafted interrogatory question to which Roy Junior apparently conceded[2]—but later clarified and denied—that he had the power to hire and fire employees during the entire Damages Period. *See* DE 165-1 at 10-11. While plaintiff seeks to have this Court hold Roy Junior steadfast to this purported admission, Roy Junior testified at his deposition that he did not hire, fire, or even supervise employees prior to June 3, 2016, DE 166-6 at 11, 13, and also filed an affidavit in opposition to plaintiff's motion clarifying that his interrogatory responses were only limited to the Roy Jr. Time Period,[3] DE 166-3 at 1-2. Such conflicting testimony prevents the Court from holding—as a matter of law—that the first *Carter* factor has been satisfied. *Cf. Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 140 (2d Cir. 1999), *holding modified by Zheng v. Liberty Apparel Co. Inc.,* 355 F.3d 61 (2d Cir. 2003) (finding first factor satisfied based on evidence adduced from trial that the defendant actually hired three employees); *Irizarry*, 722 F.3d at 114

---

[2] The instructions to this interrogatory stated, in pertinent part, "Unless otherwise stated, the time period of these requests is November 2014 to the present." DE 165-15 at 2. While the first dozen interrogatory questions set forth the relevant time period in the question itself, the following questions pertaining to Roy Junior's authority conspicuously omit any time period. *See id.* at 2-4. Moreover, while plaintiff would have the Court construe the instructions and the response narrowly and literally, that renders the answer nonsensical: since the interrogatories, which run through "the present," were executed in 2018, a year after the Plant closed, he could not have retained authority to hire and fire. This, of course, does not excuse Roy Junior's failure to qualify his response appropriately but must be taken into consideration in light of the totality of the circumstances. *See Tapia*, 906 F.3d at 61.

[3] That plaintiff seeks to invoke the sham affidavit doctrine further highlights the contentious nature of the present record. *See* DE 165-1 at 7 n.4.

5

(finding first factor satisfied based on evidence adduced from trial that the defendant actually hired at least one manager, interviewed a potential manager, promoted at least two employees, and was notified of firings). To be sure, that the *only* evidence in support of the first factor arises from this purported admission further supports the conclusion. To the extent Roy Junior's "clarifications" may be construed as shapeshifting, such dissembling evidence is fair game—and properly suited— to present to the trier of fact. See *Alvarado*, 511 F. Supp. 3d at 356 (E.D.N.Y. 2021).

In another instance, plaintiff attempts to establish the third *Carter* factor based on Roy Junior "help[ing]" with payroll from "time to time" and occasionally handing out paychecks.[4] But these relatively minor acts are insufficient to satisfy this factor. See *Irizarry*, 722 F.3d at 115 (noting that "the key question is whether the defendant had the authority to sign paychecks throughout the relevant period") (quoting *RSR*, 172 F.3d at 140). Indeed, there is no evidence that Roy Junior determined employees' rates and methods of payment or signed employee's paychecks. See *Tapia*, 906 F.3d at 140 (finding that plaintiff could not establish the third *Carter* factor where there was no evidence that the defendant "determined employees' rates and methods of payment or signed employees' paychecks").

Plaintiff's remaining arguments are without merit at this stage. For example, the mere fact that Roy Junior may have been an officer and owner of some of the food processing companies does not automatically render him an "employer" under the FLSA. See *Irizarry*, 722 F.3d 99 at 109 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status."). In addition, that Roy Junior had contact with vendors and customers and referred to the Plant as "my factor" and "my warehouse" does not carry plaintiff

---

[4] Similar to the first factor, plaintiff also relies on a purported interrogatory admission by Roy Junior that he subsequently clarified and denied. See DE 166-1 at 11-13.

6

over the line, especially considering Roy Junior's testimony that he was in charge of sales during the Roy Sr. Time period. *See* DE 165-1 at 16-17.

Accordingly, while plaintiff has set forth evidence regarding Roy Junior's potential role as an employer during the entire Damages Period, the Court—at the summary judgment stage—cannot make historical findings of fact that underlie each relevant factor, including as to the existence and degree of each factor, particularly in light of the disputed nature of the present record. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 76 (2d Cir. 2003). As such, the evidence shall be presented to the trier of fact who will appropriately determine the "existence and degree of control of each relevant factor" as well as the credibility of the witnesses. *See Agerbrink*, 787 F. App'x at 25; *Alvarado*, 511 F. Supp. 3d at 356 (citations omitted). Therefore, plaintiff's motion is DENIED as to this claim.

*Roy S. Tuccillo Senior*

Noting that "[t]his Court has already found that Roy Senior was an employer for the Plant's employees from November 9, 2014 through June 3, 2016, much of the Damages Period," plaintiff seeks to establish that Roy Senior continued sufficient control over the Plant past June 3, 2016.[5] In sum, plaintiff relies on purported admissions from the same interrogatories provided to Roy Junior and certain evidence that represents more piecemeal facts than substantial, undisputed evidence that Roy Senior maintained sufficient operational control over the Plant.

As an initial matter, merely because Roy Senior hired certain employees and enacted certain policies while he was an employer and that Roy Junior chose to retain those employees and policies after June 3, 2016, will not alone confer employer status. *See RSR*, 172 F.3d at 140.

---

[5] This Court did not make a reasoned judicial determination—as plaintiff suggests—that Roy Senior was an employer during the Roy Sr. Time Period. Rather, the Court "note[d]," based upon the parties' agreement, that Roy Senior and Roy Junior were both employers for discrete periods of time. DE 160 at 11.

7

Similarly, Roy Senior's presence at the Plant and occasional conversations with employees are equally insufficient. *See Irizarry*, 722 F.3d at 113–15 (finding second factor was not satisfied even though the defendant visited stores regularly and "address[ed] problems that occurred in individual stores"). While plaintiff is correct that Roy Senior's decision as part owner to shut down the Plant in 2017 is substantial evidence of operational control—that decision came *after* the Damages Period had already ended, and in light most favorable to the defendants, cannot be said, alone, to confer employer status on Roy Senior. *See id.*; *RSR*, 173 F.3d at 139.

Similarly, whether Roy Senior maintained certain potential power, and to what extent and with what frequency he exercised such authority, is a question properly suited for the trier of fact. *See Alvarado*, 511 F. Supp. 3d at 356 (E.D.N.Y. 2021). Accordingly, plaintiff's motion is DENIED as to this claim.

### *Conclusion*

For the reasons set forth above, plaintiff's motion is DENIED. The parties are directed to meet and confer and submit a joint status report within 14 days of this decision.

**SO ORDERED.**

Dated: December 15, 2023
       Central Islip, New York

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

8