UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

           Plaintiff,

v.

ANCHOR FROZEN FOODS CORP., DIVERSIFIED PROCESSORS, INC., PROCESSORS, INC., PREMIUM FROZEN FOODS, LTD., ADVANCED FROZEN FOODS, INC., ADVANCED FOODS CORP., PREMIUM MEAT & SEAFOOD LLC, ROY S. TUCCILLO, Individually and as an Officer, and ROY S. TUCCILLO, JR., Individually and as an Officer,

           Defendants.

---

FILED
CLERK
12/3/2024 1:57 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

No. 17-cv-6559 (GRB)(AYS)

## [PROPOSED] CONSENT JUDGMENT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), has filed her complaint and defendants Anchor Frozen Foods Corp., Diversified Processors, Inc., Processors, Inc., Premium Frozen Foods, Ltd., Advanced Frozen Foods, Inc., Advanced Frozen Foods Corp., Premium Meat & Seafood LLC (together, "Anchor"), Roy S. Tuccillo, Individually and as Officer, and Roy S. Tuccillo, Jr., Individually and as Officer (collectively, "Defendants") have appeared by counsel and agree to the entry of this Consent Judgment in full settlement of the claims which have been made or asserted in this action. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they may be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.

1. The Acting Secretary's complaint alleges that Defendants willfully violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) (the "Act" or "FLSA") by failing to pay their employees the minimum wage and overtime premium required by the Act, and by failing to make, keep, and preserve adequate and accurate records.

2. Defendants agree that from November 9, 2014 through September 9, 2016, they were a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act applied to Defendants.

3. Defendant Roy S. Tuccillo agrees that from November 9, 2014 until on or about June 3, 2016, he was an employer under section 3(d) of the Act and that the provisions of the Act applied to him.

4. Defendant Roy S. Tuccillo, Jr., agrees that from about June 4, 2016 through September 9, 2016, he was an employer under section 3(d) of the Act and that the provisions of the Act applied to him.

5. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

6. Defendants otherwise neither admit nor deny the allegations set forth in the Acting Secretary's complaint.

It is, therefore, upon motion of the attorneys for the Acting Secretary and for good cause shown, ORDERED that:

I. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act in any of the following manners:

(1) Defendants shall not, contrary to section 6 of the Act, employ any non-exempt employee without paying each employee the applicable statutory minimum wage prescribed by sections 6(a) and 15(a)(2) of the Act.

(2) Defendants shall not, contrary to section 7 of the Act, employ any of their non-exempt employees for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the non-exempt employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall make, keep, and preserve adequate records of any of their employees and of the wages, hours, and other conditions and practices of employment. Defendants shall make available to authorized agents of the Acting Secretary for inspection, transcription, and/or copying, upon their demand for such access, any such records of any employees and of the wages, hours, and other conditions and practices of employment, as prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(4) Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the U.S. Department of Labor, or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms and conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

(5) Defendants shall not discharge, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate or retaliate against an employee, including soliciting the repayment of back wages paid to any employee, because the employee engages in or is believed to have engaged in any of the following activities:

a. Disclosing, protesting, or threatening to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

b. Providing information to, or testifying before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

c. Objecting to, or refusing to participate in any activity, policy or practice that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Upon the parties' agreement that unpaid minimum and overtime back wages are owed and shall be paid to the current and former employees listed on the attached Exhibit A (hereinafter "Exhibit A"), in the amount of $37,500.00, plus an equal amount of liquidated damages of $37,500.00, for a total amount of $75,000, plus post-judgment interest at a rate of 3.98%:[1]

---

[1] Upon entry of this Judgment, the parties agree to dismiss the parallel pending civil money penalty matter pending before the DOL Office of Administrative Law Judges, Case No. 2020-FLS-00003, pursuant to the terms of a separate joint stipulation to which the parties have separately agreed.

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of $37,500.00 in unpaid overtime back wages owed to their employees in the amounts listed opposite their names on Exhibit A. In addition, Defendants shall pay an equal amount of liquidated damages of $37,500.00 to their employees in the amounts listed opposite their names on Exhibit A, plus post-judgment interest. Defendants shall make payment in accordance with Paragraph III below and Exhibit A of this Consent Judgment. Defendants may pay any of the amounts set forth herein early without penalty or subsequent post-judgment interest.

III. The provisions of this Consent Judgment relative to back wages and liquidated damages shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below.

(1) Within 90 days of the date of entry of this Judgment, Defendants shall pay $75,000.00 electronically as set forth below, plus post-judgment interest at an annual rate of 3.98% calculated from the date of entry of the Judgment:

    a. Go to https://www.pay.gov/public/form/start/77689032, and then:

        (i) Click on the "Continue to the Form" tab under "WHD Back Wage Payment Form – Northeast Region" and complete the required fields.

        (ii) For "BW Case Number," enter "1799057."

        (iii) For "Date of Assessment," enter the date that this Consent Judgment is entered by the Court.

(2) To the extent that Defendants are in possession of any social security numbers, last known addresses, phone numbers, e-mails, or any other available contact

information for employees listed on Exhibit A of this Consent Judgement, and Defendants did not previously provide such contact information to the Acting Secretary's representatives during discovery, Defendants shall provide such contact information to the Acting Secretary's representatives within 20 days of the entry of this Judgment.

(3) Defendants and anyone acting on their behalf shall not in any way, directly or indirectly, solicit or accept the return or refusal of any sums paid under this Judgment. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any employees or former employees because of their receipt of funds due under the provisions of this Consent Judgment or the Act. Defendants acknowledge that any violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

(4) If Defendants fail to make the required payment, a seven-calendar-day grace period shall be allowed for receipt of such payment. In the event that the U.S. Department of Labor does not receive the payment by the eighth calendar day after which it is due, the U.S. Department of Labor's representatives will notify Defendants through their attorneys, Robert F. Milman and Matthew Brown, by email at rob@mmmlaborlaw.com and matt@mllaborlaw.com. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorneys. If the U.S. Department of Labor does not receive payment within 10 days of notifying Defendants' attorney of the overdue payment, then the total amount due under this Judgment of $75,000.00, plus post-judgment interest, less any amounts already received by the Secretary pursuant to this Judgment, shall become due immediately and the Court will appoint a Receiver from a list of names offered by the Acting Secretary, or may appoint

another individual as Receiver at the Court's discretion. No action or non-action by the Acting Secretary shall constitute a waiver of this paragraph.

(5) In the event a Receiver is appointed, it is ORDERED that:

a. Defendants shall cooperate with the Receiver in all respects and shall produce to the court-appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment, in accordance with applicable law at the time of the Receiver's appointment. In addition, Defendants shall submit to an accounting by an independent certified public accountant and/or the Receiver, and the accountant or Receiver shall testify, if they so decide.

b. All the expenses of the accountant or Receiver shall be borne solely by Defendants.

c. The Receiver shall serve until the payment of the monetary terms of this Judgment is satisfied.

d. The Receiver shall have full authority to: collect the Defendants' assets and report the Receiver's findings to the Court and the parties; to redeem and/or liquidate Defendants' assets and turn over the proceeds to the Acting Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Acting Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under their judgment.

(6) The Acting Secretary shall distribute the back wages and liquidated damages, including interest and less any legal deductions, to the former and current employees as set forth in Exhibit A, or to their estates if that be necessary, in the Acting Secretary's sole

discretion. Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt, because of an inability to locate the proper persons or because of a person's refusal to accept payment, shall, pursuant to section 16(c) of the Act, be deposited into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

(7) Neither the commencement of this action nor the provisions of this Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act, or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against the Defendants under section 16(b) of the Act for any violations alleged to have occurred after December 31, 2016. The parties understand and agree that pursuant to section 16(c) of the Act, this action by the Acting Secretary has terminated the rights of the employees listed in Exhibit A of this Consent Judgment to bring any action against Defendants under section 16(b) of the Act for violations alleged to have occurred from November 9, 2014 to December 31, 2016.

(8) Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

(9) The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

**SO ORDERED.**

DATED: **December 3**, 2024
Central Islip, New York

                                              */s/ Gary R. Brown*

HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

_[signature]_

Robert Milman, Esq.
Matthew Brown, Esq.
Milman Labuda Law Group, PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
rob@mmmlaborlaw.com
matt@mllaborlaw.com
Counsel for Defendants

BY: _[signature]_             DATE: 10/7/24
ROY S. TUCCILLO

BY: _[signature]_             DATE: 10/8/24
ROY S. TUCCILLO, JR.

ANCHOR FROZEN FOODS CORP.
BY: _[signature]_             DATE: 10/7/24
ROY S. TUCCILLO
Owner

STATE OF N.Y. )
                       :SS:
COUNTY OF NASSAU )

On the 7th day of October, 2024 before me came ROY S. TUCCILLO, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of ANCHOR FROZEN FOODS CORP., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

PARBATIE SINGH
Notary Public, State of New York
No. 01SI6062253
Qualified in Queens County
Commission Expires August 6, 2025

DIVERSIFIED PROCESSORS, INC.

BY: _____     DATE: 10/7/24
ROY S. TUCCILLO
Owner

STATE OF NY         )
                    :SS:
COUNTY OF NASSAU    )

On the 7th day of October, 2024 before me came ROY S. TUCCILLO, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of DIVERSIFIED PROCESSORS, INC., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

PARBATIE SINGH
Notary Public, State of New York
No. 01SI6062253
Qualified in Queens County
Commission Expires August 6, 2025

PROCESSORS, INC.

BY: _____     DATE: 10/8/24
ROY S. TUCCILLO, JR.
Owner

STATE OF New York   )
                    :SS:
COUNTY OF Nassau    )

10

On the 8th day of October, 2024 before me came ROY S. TUCCILLO, JR., known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of PROCESSORS, INC., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

PARBATIE SINGH
Notary Public, State of New York
No. 01SI6062253
Qualified in Queens County
Commission Expires August 6, 20 25

**PREMIUM FROZEN FOODS, LTD.**

BY: _____  DATE: 10/8/24
ROY S. TUCCILLO, JR.
Owner

STATE OF New York )
                    :SS:
COUNTY OF Nassau )

On the 8th day of October, 2024 before me came ROY S. TUCCILLO, JR., known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of PREMIUM FROZEN FOODS, LTD., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

PARBATIE SINGH
Notary Public, State of New York
No. 01SI6062253
Qualified in Queens County
Commission Expires August 6, 20 25

**ADVANCED FROZEN FOODS, INC.**

BY: _____  DATE: 10/7/24
ROY S. TUCCILLO
Owner

STATE OF NY )
              :SS:
COUNTY OF Nassau )

11

On the 7th day of October, 2024 before me came ROY S. TUCCILLO, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of ADVANCED FROZEN FOODS, INC., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

PARBATIE SINGH
Notary Public, State of New York
No. 01SI6062253
Qualified in Queens County
Commission Expires August 6, 2025

ADVANCED FOODS CORP.

BY: _____  DATE: 10/7/24
ROY S. TUCCILLO
Owner

STATE OF N.Y. )
                      :SS:
COUNTY OF NASSAU )

On the 7th day of October, 2024 before me came ROY S. TUCCILLO, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of ADVANCED FOODS CORP., described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

PARBATIE SINGH
Notary Public, State of New York
No. 01SI6062253
Qualified in Queens County
Commission Expires August 6, 2025

PREMIUM MEAT & SEAFOOD LLC

BY: _____  DATE: 10/7/24
ROY S. TUCCILLO
Owner

STATE OF NY )
                      :SS:
COUNTY OF NASSAU )

On the 7th day of October, 2024 before me came ROY S. TUCCILLO, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of PREMIUM MEAT & SEAFOOD LLC, described in and which executed the foregoing instrument, and that he signed his name thereto by like order.

_____
NOTARY PUBLIC

PARBATIE SINGH
Notary Public, State of New York
No. 01SI6062253
Qualified in Queens County
Commission Expires August 6, 2025

## EXHIBIT A

**Employees Due Back Wages and Liquidated Damages**

|    | Name | Back Wages | Liquidated Damages | Total |
|----|------|------------|--------------------|-------|
| 1  | Alfaro, Sara | $1,223.85 | $1,223.85 | $2,447.70 |
| 2  | Amaya, Xiomara | $110.57 | $110.57 | $221.14 |
| 3  | Antunez, Dunia | $81.51 | $81.51 | $163.02 |
| 4  | Baires, Mabely | $173.41 | $173.41 | $346.82 |
| 5  | Banegas Avila, Carmen Isela | $154.83 | $154.83 | $309.66 |
| 6  | Bonilla Villatoro, Arelys G. | $340.79 | $340.79 | $681.58 |
| 7  | Bonilla, Dina | $248.97 | $248.97 | $497.94 |
| 8  | Bueso, Silvia (a/k/a Sylvia) | $440.32 | $440.32 | $880.64 |
| 9  | Chacon, Narcisa | $764.70 | $764.70 | $1,529.40 |
| 10 | Chimbo, Luz A | $1,312.70 | $1,312.70 | $2,625.40 |
| 11 | Coronel, Mariana | $197.39 | $197.39 | $394.78 |
| 12 | Corrales, Jessica Y | $277.44 | $277.44 | $554.88 |
| 13 | De La Cruz, Elizabeth | $96.92 | $96.92 | $193.84 |
| 14 | De Paz, Clara | $21.11 | $21.11 | $42.22 |
| 15 | Diaz (Dias), Angela | $1,315.23 | $1,315.23 | $2,630.46 |
| 16 | Duran, Ofelia C | $266.70 | $266.70 | $533.40 |
| 17 | Enriquez, Lesly F | $450.21 | $450.21 | $900.42 |
| 18 | Escobar, Delmis (Delmy) | $1,225.94 | $1,225.94 | $2,451.88 |
| 19 | Escobar, Gloria | $50.79 | $50.79 | $101.58 |
| 20 | Escobar, Maria | $1,303.80 | $1,303.80 | $2,607.60 |
| 21 | Escobar, Maria Hilda | $125.32 | $125.32 | $250.64 |
| 22 | Escobar, Maria Maura | $191.76 | $191.76 | $383.52 |
| 23 | Figueroa, Angela Carolina (a/k/a "Sindy M Ruiz" a/k/a "Sandi M Ruiz") | $514.31 | $514.31 | $1,028.62 |
| 24 | Flores, Ivania | $53.32 | $53.32 | $106.64 |
| 25 | Flores, Maria | $1,181.38 | $1,181.38 | $2,362.76 |
| 26 | Garcia, Yesenia | $37.21 | $37.21 | $74.42 |
| 27 | Gonzales (a/k/a Gonvales), Luisa | $60.50 | $60.50 | $121.00 |
| 28 | Gonzalez, Ana | $31.34 | $31.34 | $62.68 |
| 29 | Gonzalez, Claudia | $858.54 | $858.54 | $1,717.08 |
| 30 | Gonzalez, Marta | $242.61 | $242.61 | $485.22 |
| 31 | Granados, Ledis | $377.16 | $377.16 | $754.32 |
| 32 | Guevara, Maria S | $18.61 | $18.61 | $37.22 |
| 33 | Gutierrez, Susana | $625.68 | $625.68 | $1,251.36 |
| 34 | Hernandez Del Carmen, Edith | $211.09 | $211.09 | $422.18 |
| 35 | Hernandez, Ana E | $358.42 | $358.42 | $716.84 |
| 36 | Hernandez, Esmerelda (a/k/a Esmeralda) | $683.23 | $683.23 | $1,366.46 |
| 37 | Hernandez, Glenda M | $670.75 | $670.75 | $1,341.50 |
| 38 | Hernandez, Lizbeth | $36.82 | $36.82 | $73.64 |

|    | Name | Back Wages | Liquidated Damages | Total |
|----|------|------------|--------------------|-------|
| 39 | Hernandez, Maria I | $1,303.37 | $1,303.37 | $2,606.74 |
| 40 | Landeverde, Karina | $144.58 | $144.58 | $289.16 |
| 41 | Lobos (Lovos), Claudia | $254.33 | $254.33 | $508.66 |
| 42 | Londono, Patricia | $103.47 | $103.47 | $206.94 |
| 43 | Martinez (a/k/a Martinez Maravilla), Amanda (a/k/a Amanda De Jesus) | $63.90 | $63.90 | $127.80 |
| 44 | Martinez, Roxana M | $432.32 | $432.32 | $864.64 |
| 45 | Mendoza, Ana | $15.75 | $15.75 | $31.50 |
| 46 | Mendoza, Paulina | $1,335.99 | $1,335.99 | $2,671.98 |
| 47 | Miranda, Rosa | $1,621.40 | $1,621.40 | $3,242.80 |
| 48 | Molina, Dariana | $60.86 | $60.86 | $121.72 |
| 49 | Montoya, Osiris | $1,288.49 | $1,288.49 | $2,576.98 |
| 50 | Morales, Dionicia | $771.88 | $771.88 | $1,543.76 |
| 51 | Morales, Marta | $70.36 | $70.36 | $140.72 |
| 52 | Moreno, Celia M | $1,330.23 | $1,330.23 | $2,660.46 |
| 53 | Munoz, Guillermina | $1,644.91 | $1,644.91 | $3,289.82 |
| 54 | Navarro, Marta | $261.32 | $261.32 | $522.64 |
| 55 | Ovando, Yoselin | $32.22 | $32.22 | $64.44 |
| 56 | Paz, Evelin | $48.32 | $48.32 | $96.64 |
| 57 | Pena Pena, Maria Melida | $95.82 | $95.82 | $191.64 |
| 58 | Pena, Maria Delmy | $1,309.62 | $1,309.62 | $2,619.24 |
| 59 | Pena, Maria Teodolinda | $250.65 | $250.65 | $501.30 |
| 60 | Perez, Maribel | $924.30 | $924.30 | $1,848.60 |
| 61 | Quintanilla (a/k/a Quinpanilla), Glenda | $337.81 | $337.81 | $675.62 |
| 62 | Ramirez, Alisson | $66.26 | $66.26 | $132.52 |
| 63 | Reyes, Blanca | $151.04 | $151.04 | $302.08 |
| 64 | Reyes, Marta | $314.48 | $314.48 | $628.96 |
| 65 | Reyes (a/k/a Reyes Meraz), Sindy (a/k/a Sindy K) | $349.57 | $349.57 | $699.14 |
| 66 | Roblero, Mayra | $1,271.76 | $1,271.76 | $2,543.52 |
| 67 | Rodriguez, Rogel (a/k/a Roger) | $1,311.51 | $1,311.51 | $2,623.02 |
| 68 | Romero, Angela | $106.33 | $106.33 | $212.66 |
| 69 | Salgado, Xiomara | $278.85 | $278.85 | $557.70 |
| 70 | Sandoval, Margarita | $16.82 | $16.82 | $33.64 |
| 71 | Santos, Mirna | $760.86 | $760.86 | $1,521.72 |
| 72 | Sosa, Johana | $233.90 | $233.90 | $467.80 |
| 73 | Suadihi, Alejandro | $1,310.17 | $1,310.17 | $2,620.34 |
| 74 | Tejada, Yeni | $21.11 | $21.11 | $42.22 |
| 75 | Torres, Jackeline | $783.69 | $783.69 | $1,567.38 |
| 76 | Urrutia, Sandra | $112.72 | $112.72 | $225.44 |
| 77 | Villanueva, Deisy | $331.84 | $331.84 | $663.68 |
| 78 | Yanes, Maria | $41.96 | $41.96 | $83.92 |